GEORGE A. FELLOWS *against* NICHOLAS F. COOKE.

(Decided, December 6th, 1875.)

The defendant collected, in a fiduciary capacity, money belonging to the plaintiff, and the plaintiff brought an action of assumpsit upon the ordinary money counts, in the State of New Jersey, to recover the amount so collected, and obtained judgment. He then brought an action in this State upon the judgment, in which action he had the defendant arrested. *Held*, that the arrest must be discharged, as there was nothing in the record of the judgment recovered in New Jersey, showing that the action there was brought, or that the judgment was recovered, for money collected in a fiduciary capacity ; that the action, being simply upon the judgment, was not an action under the Code for money received by a person in a fiduciary capacity.

APPEAL from an order of this court, made at special term by Judge JOSEPH F. DALY, denying a motion to vacate an order of

arrest in the action, which had been granted by Judge LARRE-MORE.

The affidavits on which the order was granted, showed that the defendant had been, prior to October 15th, 1874, the agent of the firm of John F. Seymour & Co., for the purpose of making collections of debts due the firm.    That on October 15th, 1874, that firm made an assignment of all their property for the benefit of their creditors, to one Daniel Seymour, who accepted the assignment and took possession of the property and books of the firm, but afterwards refused to furnish the assignee's bond or to act further as assignee, and that the plaintiff thereupon gave a bond as assignee, and received from the firm of John F. Seymour & Co. a deed of assignment, ratifying and continuing to him the assignment first made.    That the defendant, after notice of the assignment, and without authority from either of the assignees, collected from debtors of the firm of John F. Seymour & Co., the sum of $706 82, and refused, on demand of the plaintiff, to pay over to them the money so collected, and that the plaintiff had, in action against the defendant for the recovery of the moneys so collected by him, brought in the Circuit Court in Essex county, in the State of New Jersey, recovered a judgment for $806 62 damages, and $52 49 costs, which judgment remained wholly unsatisfied.

The complaint in the action (which was one of the papers on which the order was granted), alleged only the recovery of the judgment in New Jersey, and that it remained unsatisfied, and demanded judgment for the amount of that judgment, and interest from the date of its rendition.

The motion to vacate the order of arrest, was made on the papers on which it was granted, and an exemplified copy of the New Jersey judgment, which showed that that suit was brought in trespass on the case upon promises (assumpsit) on the money counts only, viz.: (1) goods sold and delivered, (2) work and labor done, and materials furnished, (3) money loaned, (4) money paid for the use of the defendant, at his request, (5) *money had and received by the defendant for the use of the plaintiff*, (6) interest for the forbearance of money due and ow-

ing from the defendant to the plaintiff, (7) money due from the defendant to the plaintiff on an account stated between them.

*J. H. Whitelegge,* for appellant.

*Geo. A. Black,* for respondent.

CHARLES P. DALY, Chief Justice.—There can be no arrest in a civil action, except in the cases provided for by the 179th section of the Code. Under the second subdivision of that section, the defendant could be arrested in an action for money received by him in a fiduciary capacity ; for though he acted in collecting the moneys after the assignment, without any express authority from the assignees, and without their knowledge, yet he assumed to act in a fiduciary capacity, having been, at the time of the assignment, in the employment of the assignors, as a general salesman and collector. It was competent for the assignees to ratify his authority, and it may be assumed that they did, by suing him in an action upon contract for money had and received to their use, upon his failure to pay over to them the amount which he had collected. But the action which was brought here is not an action to recover for moneys received in a fiduciary capacity, and it is only in such an action that an arrest for that cause is allowed, whether in an action brought in the first instance in this State, or upon a judgment or decree in another State or foreign country, where it appears by the record that that constituted the cause of action (*Arthurton* v. *Dalley,* 20 How. 311 ; *Wanzer* v. *De Baum,* 1 E. D. Smith, 261 ; *Goodrich* v. *Dunbar,* 17 Barb. 644).

The action here is brought upon the judgment recovered against the defendant in New Jersey, and the record of that judgment shows that the declaration was solely upon the money counts, and that the recovery, therefore, must have been simply for money had and received. There is nothing in the record to show that the action was specifically brought and the judgment rendered for money received in a fiduciary capacity, and unless that appears, there can be no arrest in an action here upon the

judgment. That must constitute the cause of action, and the cause of action here is upon the judgment, the record of which does not disclose that it was founded upon a cause of action of that kind. It is simply a judgment in an action upon a contract.

In an action upon such a judgment, an order for arrest might be made under the fourth subdivision of the 179th section, upon showing by affidavits that the defendant was guilty of a fraud in contracting the debt, or incurring the obligation for which the action was brought and the judgment rendered; or, if the action had been brought generally to recover damages for fraud and deceit, and that the judgment had been rendered for such damages. But there is nothing in the affidavits in this case, to warrant an arrest of the defendant upon that ground; nor was the refusal of the judge to discharge the order placed upon such a ground. The affidavits simply disclose that the defendant was, at the time of the assignment, employed by the assignors as a general salesman and collector. That he continued to act as such after the assignment, without the knowledge or express authority of the assignees, and that when they demanded that he should pay over to them the $700 he had collected, of debts due the insolvent firm, he refused to do so unless they would allow out of it his traveling expenses in making the collections, his salary for the month of October, which it would seem was the time he was engaged in making the collections, as the assignment was made on the 15th of that month, and also $490 89, the amount of a promissory note given to him by the insolvent firm.

So far as respects his authority, it must be regarded as having been ratified by the institution of the action in New Jersey and the judgment there rendered, which was not for any wrong in collecting the moneys, or for a conversion, or to recover damages for any fraud or deceit, or for any tortious act whatever, founded upon an unauthorized collection of the moneys, and a refusal upon demand to pay them over to those to whom they rightfully belonged. It is, as I have said, simply a judgment upon an action on contract, and there is nothing in the affidavits that would warrant us in holding that the defendant was guilty

of a fraud in contracting the debt or incurring the obligation for which the action was brought. It must be assumed, under these circumstances, that his authority to continue in the collection of the debts due to the insolvent firm, was recognized and affirmed by the assignees after the assignment; and nothing is shown in the affidavits, upon which to predicate fraud, except the claim on his part of an offset of $673 36, which may be erroneous in whole or in part, and such as he was not legally entitled to deduct from the amount he had collected; but that is far from constituting fraud, and is no ground for the collateral remedy of arrest in an action upon such a judgment.

For money received or embezzled in a fiduciary capacity, he could only be arrested, under the Code, in an action where that constituted the cause of action, for the 179th section distinguishes, in the first, second and third subdivisions, where the arrest is allowed in the action in the cases or causes of action therein specified; and in the fourth and fifth subdivisions, when it is allowed as a collateral remedy.

In the first case, the cause of action must be for one of the causes stated, which is not the case here, there being nothing in the record to show that the judgment was founded upon any such cause of action. And in the second case, the affidavits must show fraud in contracting the debt or in incurring the obligation for which the action was brought and the judgment rendered, and nothing of that kind is disclosed by the affidavits to authorize an arrest as a collateral remedy to the action upon the judgment.

The order below should therefore, in my opinion, be reversed, with costs.

Loew, J.—For the reasons given in the opinion delivered by the learned Chief Justice, I agree that the order appealed from should be reversed, with costs.

Order reversed, with costs.